**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1523

KENT MENGE,

    Plaintiff,

v.

PYRAMID CONSULTING GROUP, INC.

    Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff, Kent Menge, by and through his attorneys, David Lane and Helen Oh of KILLMER, LANE & NEWMAN, LLP, hereby files his Complaint and Jury Demand and respectfully alleges as follows:

## I.  INTRODUCTION

1. This is an action under the Americans With Disabilities Act for damages and other relief against Defendant Pyramid Consulting Group, Inc. ("Pyramid"), a staffing and recruiting company, for its discriminatory and retaliatory failure to hire Plaintiff Kent Menge, expressly because of his status as a Social Security Disability Income ("SSDI") recipient. Defendant failed to hire Mr. Menge, in whole or in part, because of his status as a qualified individual with a disability and because of his opposition to this discriminatory practice. As a result of Defendant's illegal treatment of him, Mr. Menge has suffered loss of wages and benefits, loss of employment opportunities, humiliation, severe emotional distress, loss of enjoyment of life, and other significant injuries, damages and losses.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq*.

3. The employment practices alleged herein to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Mr. Menge timely filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") on October 4, 2019. A notice of right to sue was issued on request on May 27, 2020. Thus, Mr. Menge has exhausted all administrative prerequisites to the filing of this action.

## III. PARTIES

5. At all times relevant to this Complaint, Plaintiff Kent Menge, was a citizen of the United States of America and a resident of the State of Colorado.

6. Defendant Pyramid's headquarters and mailing address is 3060 Kimball Bride Road, Suite 200, Alpharetta, Georgia, 30022. They have offices in the United States and across the globe. Defendant has continuously been an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5)(A).

## IV. FACTUAL ALLEGATIONS

7. Mr. Menge is sixty years old and was a dedicated and successful telecommunications employee for nearly a decade after he finished graduate schooling.

8. Mr. Menge received a Bachelor of Arts Degree in Communications from the University of Northern Colorado in 1982. Sixteen years later in 1998, he obtained a Master of Arts Degree in telecommunications specializing in broadband operations and regulatory policy from the University of Denver.

9. After graduate school, Mr. Menge worked for various telecommunications companies and developed a wide range of telecommunications experience and expertise. His post-graduate experience included, but was not limited to, one year as account manager I for AT&T Operations, Inc., four years as lead regulatory advocate and account manager II at Qwest Communications, another two years as a Senior Process Analyst for a total of six years at Qwest Communications, and two years as an operations manager at AeroTek Telecommunications Services for Lucent Technologies.

10. His skills included, but were not limited to, preparing and managing client contracts and accounts for telecommunications services; contacting business owners and representatives to coordinate the installation and set-up of data hosting services, IP, telephony products, and high capacity optional circuit services; partnering with internal departments to document and initiate process controls and process improvements; utilizing various telecommunications software platforms and tools, and analyzing data to identify possible functional or process areas for improvement or consolidation.

11. All of the above educational and employment experiences were listed on Mr. Menge's resume at the time his candidature was being considered by Defendant Pyramid in April 2019.

12. Defendant Pyramid is an employment agency that works with companies to provide technology and healthcare staffing and other services.

13. In 2007, Mr. Menge was involved in an auto accident that damaged bones and nerves in his neck, face, and back. As a result of the accident, Mr. Menge began having severe headaches, neck and back pain, and stress. He was diagnosed with spinal stenosis, degenerative disc disease of the cervical and lumbar spine, organic brain disorder, anxiety, depression, and bipolar disorder. He was also later diagnosed with a mild traumatic brain injury. Mr. Menge's spinal stenosis, degenerative disc disease, and depression are chronic conditions.

14. At all times relevant to the allegations in this Complaint, Mr. Menge, as a result of his diagnoses, was either a person with a disability, had a record of a disability, or was regarded as having a disability within the meaning of the ADA.

15. Mr. Menge's spinal stenosis, degenerative disc disease, and other conditions substantially limited one or more major life activities, namely (but not limited to), difficulty moving, lifting, turning, and bending, and difficulty focusing and working for long periods of time. His conditions caused him severe headaches, fatigue, and severe pain in his back and neck.

16. Due to his medical conditions, Mr. Menge and was out of work for several years. He received Social Security Disability benefits ("SSDI") beginning in December 2008.

17. Mr. Menge underwent extensive chiropractic treatment, physical therapy, and psychotherapy treatments from 2007 to 2011, and continued to receive chiropractic treatment and physical therapy for his ongoing medical issues.

18. Upon his partial recovery, in 2013, Mr. Menge utilized his best and diligent efforts to obtain part-time re-employment. He sought part-time employment for a more flexible

and accommodating work schedule due to his disabilities. From 2013 to 2017, Mr. Menge worked part-time as a sales specialist in Macy's West Stores in Denver, Colorado.[1] Mr. Menge worked this position with reasonable accommodations.

19. Once Mr. Menge was ready and able to return to work full-time in telecommunications, with or without reasonable accommodation, he posted his resume on several job listings and employment recruitment websites in search of a telecommunications job.

20. In order to honestly account for his gap of employment, Mr. Menge stated on his resume that he received Social Security Disability Income from December 2008 to present.

21. On April 24, 2019, Mr. Menge was contacted by email by an employee of Defendant Pyramid named Rahul Kumar. Mr. Kumar, a recruiter, reached out to Mr. Menge (presumably after seeing his resume online), and explained that Mr. Menge's skills and professional experience would be a good fit for a position with one of Pyramid's premier clients, Verizon. Mr. Kumar shared with Mr. Menge the position of "Sales Professional – I/Building Access Project Manager" located in Lone Tree, Colorado.

22. Among other things, the job duties stated:

- Uses internal databases and other internet resources to qualify a candidate address and determine the ownership name and/or building agent.

- Make and answer phone calls to building owners to discuss Client value proposition.

---

[1] Mr. Menge's income from his part-time employment at Macy's was below the income threshold set by the Social Security Administration as being able to engage in substantial, gainful activity. Thus, Mr. Menge continued to qualify for SSDI.

- Engage in active listening utilize software, databases, scripts and tools appropriately.
- Make recommendation on process improvements based on feedback from building ownership.
- Maintains and improves quality results by adhering to standards and guidelines; recommending improved procedures.

23. The "must have skills" listed for the position were: ability to cold call and explain value proposition, answer questions, ability to work with internal and external software, ability to problem solve and think critically, ability to use excel, ability to work in a fluid team environment, understanding of telecommunications and real estate industry, and understanding of legal terms and conditions. The education level required was a Bachelor of Arts.

24. Based on Mr. Menge's resume and experience, Mr. Menge was able to perform the essential functions of the job, with or without reasonable accommodations.

25. On May 1, 2019, Mr. Menge responded to Mr. Kumar's email with several follow up questions about the position. Mr. Kumar replied and explained that the position was a twenty-four-month contract with Verizon with the potential to become permanent, had a starting pay of thirty-five dollars per hour, the possibility of working overtime, and no benefits.

26. After several email exchanges that same day, Mr. Menge let Mr. Kumar know that he was interested in the position and wanted to proceed with an interview by phone because he was currently residing in Mexico. Mr. Kumar agreed that he would call Mr. Menge the next day as soon as Mr. Menge emailed him saying that he was available for the interview.

27.     Early afternoon on May 2, 2019, Mr. Menge emailed Mr. Kumar according to plan to let him know that he was available for the interview.

28.     Within minutes, Mr. Kumar responded to Mr. Menge's email stating, "Sorry Kent I showed your resume to my manager. Because of your Social Security disability issue we can't go further with your resume. Thank you for your time."

29.     Mr. Menge was shocked by Defendant Pyramid's blatantly discriminatory reason for rejecting his application and followed up to be sure that he understood what Mr. Kumar said. Mr. Menge asked, "what is the issue with Social Security Disability? I am wanting to try to return to work and will not be on disability after returning."

30.     Mr. Kumar responded, "Sorry but I can't do anything about this. These are [sic] all things not in my hands [sic]."

31.     Mr. Menge explained that it was a violation of federal law to discriminate against a person on the basis of their disability status and requested to speak with a manager.

32.     Later that day, Mr. Menge was contacted by Manjeet Pandey, a resource manager at Pyramid, who stated that Pyramid was there to provide jobs without discrimination. Mr. Pandey also said he took the necessary action towards the recruiter and that Mr. Menge was only speak with Mr. Pandey moving forward.

33.     In response to Mr. Pandey's email, Mr. Menge continued to express interest in the Verizon position or others that fit his background and qualifications.

34.     On May 3, 2019, Mr. Pandey forwarded Mr. Menge's resume to Vaibhav Taneja, presumably a different recruiter at Pyramid, to see if Mr. Menge qualified for any positions.

35. To date, Mr. Menge has not heard back from Mr. Taneja, Mr. Pandey, or anyone else at Pyramid about job openings or interviews, and Mr. Menge was never reconsidered for the Sales Professional – I/Building Access Project Manager position.

36. Pyramid persisted in its refusal to consider Mr. Menge's application and/or to hire him for the position after because he voiced his opposition to their discrimination on the basis of his disability.

37. At no time did any employee of Pyramid proffer any other reason for its refusal to consider and/or to hire Mr. Menge for the advertised position, or any other available position.

38. Due to Pyramid's discriminatory rejection of Mr. Menge's interview and application, Mr. Menge suffered loss of wages and benefits, and loss of economic opportunities.

39. Pyramid's discriminatory rejection also caused Mr. Menge emotional distress because he felt humiliated and defeated. It worsened his symptoms of depression and anxiety. It also placed a strain on his relationship with his spouse, who is a Mexican citizen that has been applying for a spousal visa since 2018 to be able to reside with Mr. Menge in the United States. Mr. Menge is his spouse's financial sponsor for the visa application and is relying solely on his SSDI for support. Because of Pyramid's discriminatory rejection, Mr. Menge has been under extreme stress and mental anguish considering the uncertainty of his ability to be the financial sponsor for his spouse's visa application. Pyramid's discriminatory rejection was highly stressful to both Mr. Menge and his spouse because it exacerbated feelings of hopelessness for them both and caused them to fight about their circumstances.

## V. STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

**(Disability Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*)**

40. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

41. As a result of his medical conditions, at all times relevant herein, Plaintiff was a qualified individual with a disability under the ADA in that he had a disability and/or had a record of a disability and/or was regarded as having a disability by Defendant Pyramid.

42. Plaintiff's spinal stenosis, degenerative disc disease, anxiety, and other aforementioned medical conditions substantially limited one or more major life activities, namely (but not limited to), difficulty moving, lifting, turning, and bending, and difficulty focusing and working for long periods of time. His conditions caused him severe headaches, fatigue, and severe pain in his back and neck.

43. Plaintiff was qualified for the position of Sales Professional – I/Building Access Project Manager, as evidenced by Pyramid's outreach and initial proffer to Mr. Menge, and Mr. Menge's resume which outlined his educational and employment experience doing equivalent or similar work that encompassed the skills required for the position.

44. Plaintiff was able to perform the essential functions of the position, with or without reasonable accommodation.

45. Defendant refused to hire Plaintiff because of his disability, disability status, and/or perceived disability, and expressly told him as much.

46. Defendant discriminated against Plaintiff on the basis of his disability with malice and/or reckless indifference to Plaintiff's federally-protected rights.

47. Defendant Pyramid is liable for the acts and/or omissions of its agents and employees. Defendant, either directly or by and through agents, discriminated against Plaintiff on the basis of his disability, record of having a disability, or being perceived as having a disability.

48. As a consequence of Defendant's illegal conduct, Plaintiff has sustained significant economic, consequential, and compensatory damages.

49. Defendant's illegal conduct was the proximate cause of Plaintiff's injuries, damages and losses.

**SECOND CLAIM FOR RELIEF**
**(Retaliation in Violation of the Americans with Disabilities Act,**
**42 U.S.C. § 12111, *et seq.*)**

50. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

51. Plaintiff engaged in protected opposition to disability discrimination when he complained to Defendant's representative that the express refusal to hire him on the basis of his disability constituted illegal disability discrimination.

52. Plaintiff had a reasonable, good-faith belief that the ADA had been violated at the time he voiced his complaint.

53. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by refusing to hire him because of his protected activity.

54. A reasonable employee would have found Defendant's retaliatory refusal to hire Plaintiff to be materially adverse.

55. Defendant retaliated against Plaintiff with malice and/or reckless indifference to Plaintiff's federally-protected rights.

56. Defendant is liable for the acts and/or omissions of its agents and employees. Defendant, either directly or by and through agents, retaliated against Plaintiff because he engaged in activities protected by the ADA.

57. As a consequence of Defendant's illegal conduct, Plaintiff has sustained significant economic, consequential and compensatory damages.

58. Defendant's illegal conduct was the proximate cause of Plaintiff's injuries, damages and losses.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award him all relief as allowed by law, including, but not limited to the following:

a. Declaratory relief, injunctive relief, and other equitable relief as appropriate;

b. Actual economic damages as established at trial;

c. Compensatory damages, including, but not limited to those for future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

d. Punitive damages for all claims as allowed by law in an amount to be determined at trial;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorneys' fees and costs; and

g. Such further relief allowed by law or as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED this 28th day of May 2020.

                              KILLMER, LANE & NEWMAN, LLP

                              */s/ David A. Lane*
                              David Lane
                              Helen Oh
                              1543 Champa Street, Suite 400
                              Denver, Colorado 80202
                              (303) 571-1000
                              (303) 571-1001 facsimile
                              hoh@kln-law.com
                              dlane@kn-law.com

                              ATTORNEYS FOR PLAINTIFF